IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CRAIG HARRIS,

      Plaintiff,                    CIV-S-09-2336 GGH

      vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.               ORDER AND FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff's counsel twice has been ordered to show cause for his failure to utilize the court's electronic filing system in filing his complaint. Plaintiff has not responded to either of the orders. Plaintiff was served with the first order electronically, and served with the second order both at his email address of record and by first class mail. The second order warned that failure to comply would result in a recommendation of dismissal. The record also indicates that after being ordered to submit forms for service of process on September 14, 2009, plaintiff additionally failed to comply with that order.

      Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L. R. 11-110; see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Local Rule 5-133(a) requires that attorneys file all documents electronically unless excused by the court

1

or where the rules otherwise provide.  An order to show cause may issue where this rule has been violated.  L.R. 5-133 (b)(3).  Electronic filing is not a creature of this district but is a program of nationwide scope in the federal courts.  Much thought was given to the needs of attorneys in creating a workable electronic filing system.

Failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

In addition to the forgoing powers, "[c]ourts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  For the time being, the less drastic sanction of staying the case and imposing

monetary sanctions will serve to satisfactorily punish counsel without terminating his client's case. Counsel's complete and utter as well as multiple failures to respond to orders of this court require such serious sanctions.

Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel is sanctioned in the amount of $500, to be paid to the court within 14 days of this order.

2. The Clerk of the Court shall serve this order on plaintiff's counsel both electronically AND by first class mail.

3. The Clerk of Court is directed to administratively close this action pending plaintiff's counsel's notice that he is complying with the local rules in regard to electronic filing.

4. The Clerk of Court is directed to assign this case to a district judge.

IT IS RECOMMENDED that: this action be stayed pending plaintiff's counsel's notification that he is in compliance with the local rules in regard to electronic filing.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2009

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Harris2336.fr

3